Retaliation – Title VII

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

Makia Linzy,

Plaintiff,

v.

Merit Health River Oaks,

and CHSPSC, LLC,

Defendants.

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

JAN 23 2026

ARTHUR JOHNSTON
BY_____ DEPUTY

Civil Action No.: **3:26- cv-48-CWR-LGI**

**COMPLAINT**

## I. JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.
2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.
3. Venue is proper in this Court under 28 U.S.C. § 1391 because the unlawful employment practices occurred within this District.
4. Plaintiff has exhausted all administrative remedies and received a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC").

## II. PARTIES

5. Plaintiff Makia Linzy is an adult resident of Mississippi and was employed by Defendants.
6. Defendant Merit Health River Oaks is a healthcare facility located in Flowood, Mississippi.

7. Defendant CHSPSC, LLC is the corporate entity responsible for employment policies and operations and does business in Mississippi.
8. At all relevant times, Defendants were "employers" within the meaning of Title VII.

## III. FACTUAL ALLEGATIONS

9. Plaintiff was employed by Defendants in a satisfactory manner and performed her job duties appropriately.
10. On or about September 16, 2025, Plaintiff engaged in protected activity by complaining about unlawful treatment in the workplace.
11. Defendants were aware of Plaintiff's complaint.
12. After Plaintiff engaged in protected activity, Defendants' treatment of Plaintiff materially changed.
13. On or about January 6, 2026, Defendants removed Plaintiff from the work schedule.
14. Plaintiff was not formally terminated but was deprived of work hours and income.
15. Removal from the schedule constituted a materially adverse employment action.
16. The adverse action occurred after and because of Plaintiff's protected activity.
17. Defendants' actions were intentional and retaliatory.
18. As a result, Plaintiff suffered loss of wages, emotional distress, and financial hardship.

## IV. CLAIM FOR RELIEF

Retaliation – Title VII (42 U.S.C. § 2000e-3(a))

19. Plaintiff incorporates all preceding paragraphs.
20. Plaintiff engaged in activity protected under Title VII.
21. Defendants subjected Plaintiff to an adverse employment action by removing her from the work schedule.
22. A causal connection exists between Plaintiff's protected activity and Defendants' retaliatory conduct.
23. Defendants' actions violate Title VII of the Civil Rights Act of 1964.

## V. DAMAGES

24. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered:

- Backpay and lost benefits
- Front pay
- Emotional pain, suffering, and distress
- Financial losses

**VI. RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Enter judgment in favor of Plaintiff.

b. Award back pay and front pay.

c. Award compensatory and punitive damages.

d. Award costs and attorney fees pursuant to law.

e. Grant such other and further relief as the Court deems just and proper.

**VII. JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Makia Linzy

Plaintiff, Pro Se

129 Chapel Dr

Jackson, MS 39209

769-216-8200

MakiaLinzy12@gmail.com

Date: 1/23/26